ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| RALPH MICHEL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 310-007 |
| ) | |
| ERIC HOLDER, Attorney General, et al., ) | |
| ) | |
| Respondents. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, an inmate at the McRae Correctional Facility in McRae, Georgia, submitted to the Court a petition for a writ of mandamus compelling an adjudication on his application for citizenship. Petitioner paid $5.00 as the filing fee. However, as the filing fee for such actions is $350.00, on May 26, 2010, the Clerk of Court notified Petitioner of the deficiency and instructed him to submit the full filing fee or a motion to proceed *in forma pauperis* ("IFP") within fourteen (14) days. (See doc. no. 4.) Petitioner was warned that failure to comply could result in dismissal of his case. (Id.) Petitioner failed to respond.

On June 21, 2010, the Court granted Petitioner fourteen (14) additional days to submit a motion to proceed IFP or the required $350.00 filing fee as directed by the Clerk of Court. (Doc. no. 5.) Petitioner was warned that if he failed to comply after this additional fourteen-day extension, the Court would recommend that his case be dismissed for want of prosecution. (Id. at 2 (citing Loc. R. 41.1(c))). The time for responding has expired, and

Petitioner has not submitted either a motion to proceed IFP or the full $350.00 filing fee, nor has he provided the Court with any explanation why he has not complied.

The Eleventh Circuit has stated that "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting Chambers v. Nasco, Inc., 501 U.S. 32, 43 (1991)). This authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Id. (citing Fed. R. Civ. P. 41(b)); see also Hyler v. Reynolds Metal Co., 434 F.2d 1064, 1065 (5th Cir. 1970)[1] ("It is well settled that a district court has inherent power to dismiss a case for failure to prosecute . . . ."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(c).

The test for determining the appropriateness of dismissal is whether there is "a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985). Here, Petitioner's failure to submit either an IFP motion or the full filing fee, or even to provide the Court with an explanation for his failure to comply with the Court's instructions to do so, amounts not only to a failure to prosecute, but also an abandonment of his case. This is precisely the type of neglect contemplated by the Local Rules. Furthermore, because the Court does not have any

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

information regarding Petitioner's financial situation, the Court finds that the imposition of monetary sanctions is not a feasible sanction.

However, the Court recognizes that Petitioner is proceeding *pro se*, and courts have voiced a dislike for the harshness of dismissing a *pro se* case with prejudice prior to an adjudication on the merits.[2] See, e.g., Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993); Dickson v. Ga. State Bd. of Pardons & Paroles, No. 1:06-CV-1310-JTC, 2007 WL 2904168, at *6 (N.D. Ga. Oct. 3, 2007). Thus, the Court is not persuaded that it would be appropriate to dismiss the instant action with prejudice. The Court is not permanently barring Petitioner from bringing a meritorious claim. It is simply recommending dismissing the case without prejudice until such time as Petitioner is willing to file his case and pursue it.

For the reasons set forth herein, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice and that this case be **CLOSED**.

SO REPORTED and RECOMMENDED this 27th day of July, 2010, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[2] Unless the Court specifies otherwise, a dismissal for failure to prosecute operates as an adjudication on the merits. See Fed. R. Civ. P. 41(b).